Sterrett, J.,
In view of the facts properly averred in the bill and supported by injunction affidavits, the court below was clearly right in awarding the preliminary injunction, and there appears to be nothing on the record to justify the decree dissolving the same.
The bill substantially charges the appellees with attempting to appropriate private property of appellants for railroad purposes contrary to the provisions of section 8 of article xvi of the constitution; and the charge is not denied either by answer or affidavit. In the 14th paragraph of the bill it is averred: “ That Gordon Street, between Hockley Street and the Lebanon Yalley Railroad is laid *340 out through the land of the plaintiffs, . . . ; that Gordon Street has been opened toward the north as far as West Buttonwood Street, and between West Buttonwood Street and the Lebanon Yalley Railroad it has not been opened, although it has been laid out through the land of some of the plaintiffs ; that the proposed railroad, if constructed, will be built on the land owned in fee by the Ílaintiffs, both where Gordon Street has been opened south of West. luttonwood Street and where it has not yet been opened north of said West Buttonwood Street.” The answer to this, filed July 14, 1888, is as follows: “We neither admit nor deny the allegations made in the 14th paragraph of the plaintiff’s bill, and leave them to make such proof thereof as they shall see fit.” In connection with their answer, the appellees filed the affidavit of R. B. Cable setting forth that, as superintendent of the Philadelphia and Reading Railroad Company, he has had charge of constructing the proposed siding; that the same has been constructed, on land owned by the railroad company, from the said Lebanon Yalley Branch along the western line of Gordon Street to a point about one hundred and ten feet north of Buttonwood Street; that the company proposes to extend the same southward on Gordon Street, in accordance with the provisions of the ordinance passed by the select and common councils of the city of Reading approved August 3d, 1887; that the railroad company has, in all respects, complied with the provisions of said ordinance, by filing bond in the sum of $10,000, and accepting the provisions of said ordinance, and that the railroad company proposes, to construct, operate, control and own said siding as part of its property.
There is nothing in the answer of defendants below, or in anything that appears in the record that amounts to a denial of the .equity on which the plaintiffs’ bill is grounded. Conceding, for the sake of argument, that, under the ruling of this court in Getz’s Appeal, 10 W. N. C. 453, the company has a right, with the consent of city councils, to locate and construct a siding on the route adopted, it does not follow that, in doing so, it may appropriate private property without first making just compensation therefor as required by the constitution. The assent of councils, giving bond to protect the city, etc., are all well enough, as far as they go, but they do not dispense with the constitutional requirement. The fact that Gordon Street has been located on the city plan, with the view of being fully opened in the future, gives the railroad company no power to take and occupy the unopened portion of the street, without first making a compensation to the owners of the land on which the street is located. Quigley v. Pa. Schuylkill Valley Railroad Co., 121 Pa. 35.
It is unnecessary, at this stage of the case, to notice other matters suggested by the record. Enough has been said to show that it was at least the duty of the court to stay the hand of the defendants below from proceeding, in disregard of the rights of the *341 plaintiffs, until the mandate of the constitution is fully complied with.
The decree of the court of common pleas dissolving the preliminary injunction is reversed and set aside, and the injunction is hereby reinstated. It is ordered that the costs be paid by the appellees.